State, Plaintiff, vs. Koberstein, Defendant.

*April 18—May 20, 1941.*

*Harlan B. Rogers,* special counsel for the Board of State Bar Commissioners, for the plaintiff.

*J. Philip Koberstein* of Madison, in *pro. per.* for the defendant.

PER CURIAM. The complaint in the divorce action was prepared by Mr. MacIntyre (see *State v. MacIntyre, ante,* p. 406, 298 N. W. 200) who thereafter entrusted the case to defendant Koberstein. The latter testified that he never talked to his superior as to the manner of handling a default divorce case. It is apparent that he did not take the trial of such cases seriously. Whether he is guilty of misconduct depends on whether he knew or had good reason to believe that the testimony was false. If he did he was an accessory to the misconduct treated with in the *MacIntyre Case.* The question of his knowledge of the fact is sharply in dispute. The state contends that the evidence sustains the findings and warrants the conclusion that defendant is guilty as charged; that he either knew the fact that Mrs. Franzak had not resided in Wisconsin for two years immediately preceding the divorce action "or is chargeable with knowledge of that fact;" and that his conduct in connection with this case was a serious violation of his oath as an attorney. Defendant concedes "that such conduct would be unprofessional and would warrant discipline" but he insists that he possessed no knowledge that the witnesses in the divorce case were testifying falsely.

As in the *MacIntyre Case,* we must consider the testimony of witnesses against defendant who are of questionable character and who may not be relied upon without corroboration. This case is different in marked degree from the *MacIntyre Case.* The defendant, a young lawyer employed by Mr. MacIntyre, was handed a verified complaint by his employer which contained an allegation that the plaintiff was and had been a resident of the state of Wisconsin the required length of time.

The investigation which preceded the drafting of the complaint was not conducted by the defendant and he testified he had no communication with MacIntyre about Mrs. Franzak's statements to MacIntyre. It might have served well all concerned had defendant conducted a cross-examination of his client with reference to her residence instead of accepting as true what was revealed on the face of the complaint. The accusing witness says she did tell defendant of her being in both Madison and Chicago at different times.

The question now arises as to whether defendant was chargeable with good reason to believe that the testimony as to the residence was false. One accused of subornation of perjury cannot shield himself with the subjective defense that he had no knowledge of the falsity of the testimony when as a matter of fact the evidence objectively gave him good reason to believe that such testimony was false. We examine the case from that viewpoint. The responsibility of defendant in this divorce case was shared by his superior. Reliance by the defendant on acts of his superior was to be expected. The knowledge of what transpired between Mr. MacIntyre and the client in the divorce case cannot be charged against the defendant unless the facts of that conference were conveyed to him. Assuming that he is telling the truth when he says that from the general situation presented to him he acted upon the honest belief that Mrs. Franzak was legally entitled to present her case, then no failure on his part exists that would amount to a breach of his professional duty. He does admit having some conversation with Mrs. Franzak upon the subject of her residence and we experience some difficulty in understanding just why he did not pursue the matter further in which event the facts might have been disclosed. But here the youth and inexperience of the defendant, together with the fact that he was in the employ of an attorney who had drafted the complaint setting forth the allegation as to residence, are to be

taken into consideration. While he was more intimately connected with the presentation of the case, the matter of residence was also of interest to the divorce counsel. Judicially considered the evidence indicates a reasonable probability that the defendant relied upon the conclusion reached by his superior and accepted the allegation in the complaint, drawn by his superior and sworn to by Mrs. Franzak, as a correct statement as to that ultimate fact. The responsibility for that statement in the pleading, as decided in the *MacIntyre Case,* was with the employer of this defendant. In so far as Mrs. Franzak is concerned, it does seem that her determination to give the misleading information as to her residence to the court, to the divorce counsel, and to the defendant, was settled in the interview between her and Mr. MacIntyre at the time she discussed the facts with relation to that allegation and verified the complaint. We have in mind the testimony of a reliable and disinterested witness that Mrs. Franzak in a conversation before the divorce trial said with reference to the two-year residence requirement that "what her lawyer didn't know wouldn't hurt her." This shows a willingness on her part to deceive someone, and the defendant and the divorce counsel are among the deceived. This conclusion is strengthened by a consideration of the bad reputation of the accusing witness for truth and veracity and the lack of corroboration of the testimony presented against the defendant. Defendant submits his case upon the claim that there was no intention on his part to perpetrate the fraud and that from the facts brought to his attention he had a right to assume and did assume that Mrs. Franzak had established residence in Wisconsin. He denies that the question was ever put to him, as Mrs. Franzak claims, whether she could get into trouble if she testified falsely about the length of time of her residence in Wisconsin. Her concern over that possibility was quieted for a time at least by her assurances from Mr. MacIntyre. A further discussion of the

evidence for the purpose of pointing out inconsistencies and weaknesses in the testimony of Mrs. Franzak and her mother would serve no particular purpose.

It is our opinion that the testimony, in so far as it affects defendant in this case, is of such questionable character and so lacking in corroboration that it ought not to be held sufficient to support a finding of guilt. It is considered that the charge is not sustained against this defendant and the judgment of the court is that the complaint be dismissed.